IVES v. MUTUAL LIFE INSURANCE COMPANY.

(Filed September 18, 1901.)

PARTIES—*Insurance—Personal Representatives.*

The personal representative of a beneficiary is the only party who can maintain an action on a life insurance policy.

ACTION by J. F. Ives, administrator of Mary E. Ives, against the Mutual Life Insurance Co. of New York, heard by Judge *Thomas A. McNeill,* at Spring Term, 1901, of the Superior Court of CRAVEN County. From a judgment for the defendant, the plaintiff appealed.

*O. H. Guion,* for the plaintiff.
*Simmons & Ward,* for the defendant.

CLARK, J. David Brinson, in 1845, insured his life in defendant company for the benefit of his wife, Elizabeth, with the following clause added, "And in case of the death of said wife before the decease of the assured, the amount of the said insurance shall be payable after her death to her children, or their guardian, if under age, within 60 days after due notice and proof of the death of said David Brinson." There were six children born of said marriage. The wife of the assured died in 1881; one of her daughters,

Mary, predeceased her, leaving two children, one of whom has since died, after marrying the plaintiff, who brings this action as her administrator. The assured died in 1899, another of his daughters having died after the death of his wife, but before his death.

The defendant company paid the amount of the policy to the four children, who survived him, and the personal representative of his daughter, who died after her mother.

The plaintiff contends that the daughter, Mary, who predeceased her mother, was entitled to share in the proceeds of said policy, and that her two children should have been paid one-sixth thereof, and therefore as administrator of his wife, one of said children, he demands judgment for one-twelfth of said policy.

Whether Mary Brinson, who predeceased her mother, had a vested interest in the policy which could not be defeated by her death, is an interesting question that could only be determined in an action brought by Mary Brinson's personal representative. Certainly her children, or this plaintiff administrator of one of them, could only be entitled as distributees of Mary Brinson to any fund collected by her personal representatives. It would be *obiter dicta* to pass upon the point here attempted to be raised when the only person authorized to recover the fund (if anyone) is not a party to the action. The complaint not having stated a cause of action, the Court below might have dismissed the action, or this Court might do so *ex mero motu*. In adjudging that plaintiff could not recover there was

No error.